ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 23, 2004

Ms. Helen Quiram, Chair                         Opinion No. GA-0168
Texas Cosmetology Commission
Frank Joseph Cosmetology Building               Re: Implementing section 1602.267 of the
5717 Balcones Drive                             Occupations Code, which establishes a one-year
Austin, Texas 78731-4203                        shampoo apprentice permit   (RQ-0118-GA)

Dear Ms. Quiram:

On behalf of the Texas Cosmetology Commission (the "Commission"), you ask several questions about implementing section 1602.267 of the Occupations Code, which establishes a one-year shampoo apprentice permit.[1]  *See* TEX. OCC. CODE ANN. § 1602.267 (Vernon 2004).

Section 1602.267 was adopted in 2003 as an amendment to chapter 1602, which governs the practice of cosmetology. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1282, §§ 2-3, 2003 Tex. Gen. Laws 4679, 4679-80. The term "cosmetology" means "the practice of performing or offering to perform for compensation" any of certain specified services, including "treating a person's hair by . . . shampooing" and "shampooing and conditioning a person's hair." TEX. OCC. CODE ANN. § 1602.002(1)(A), (3) (Vernon 2004). Section 1602.251 prohibits any person from performing or attempting to perform a cosmetological practice without "a license or certificate to perform that practice." *Id.* § 1602.251(a). Further, no one may "teach cosmetology" without "an instructor license issued in this state," and any instruction must take place either "in a private beauty culture school or a vocational cosmetology program in a public school." *Id.* § 1602.251(b).

Various licenses in the cosmetology field are available. In addition to an operator's license, authorizing a licensee to "perform any practice of cosmetology," *id.* § 1602.254(a), and an instructor's license, authorizing a licensee to "perform any practice of cosmetology and . . . instruct a person in any practice of cosmetology," *id.* § 1602.255(a), chapter 1602 provides licenses for manicurists, *see id.* § 1602.256, and facialists, *see id.* § 1602.257. Section 1602.258 also provides for a "specialty certificate," which authorizes a certificate holder to perform one of the following cosmetological practices:

(2) "weaving or braiding a person's hair;"

---

[1]Letter from Helen Quiram, Chair, Texas Cosmetology Commission, to Antoinette Humphrey, Executive Director, Texas Cosmetology Commission, and Jason Ray, Assistant Attorney General, Office of the Attorney General (Oct. 8, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

(3) "shampooing and conditioning a person's hair;"

(4) "servicing a person's wig or artificial hairpiece . . . ;"

. . . .

(7) "beautifying a person's face, neck, or arms using a cosmetic preparation, antiseptic, tonic, lotion, powder, oil, clay, cream, or appliance."

*Id.* §§ 1602.002(2)-(4), (7), 1602.258(a). An applicant for a specialty certificate must be at least seventeen years of age; hold a high school diploma or its equivalent, or "have passed a valid examination . . . that measures the person's ability to benefit from training"; and have completed any necessary training. *See id.* § 1602.258(b).

Beauty shops, specialty shops, and beauty culture schools also must be licensed. *See id.* §§ 1602.301(a), 1602.302-.305; *see also id.* § 1602.306 (providing for booth rental license). No licensed beauty shop or specialty shop may employ, as an operator or specialist, a person who does not hold either an appropriate license or a certificate. *See id.* § 1602.403(c).

You ask specifically about section 1602.267, adopted in 2003. Although an eligible person who wishes only to shampoo and condition hair could do so with a specialty certificate issued under section 1602.258, section 1602.267 establishes the shampoo apprentice permit:

(a) A person holding a shampoo apprentice permit may perform only the practice of cosmetology defined by Section 1602.002(3) [the shampooing and conditioning of hair].

(b) The commission shall issue a shampoo apprentice permit to an applicant who:

(1) is at least 16 years of age; and

(2) submits a certificate of health as required by Section 1602.253.

(c) A shampoo apprentice permit expires on the first anniversary of the date of issuance and may not be renewed.

(d) The commission shall adopt rules as necessary to administer this section. The commission may not require an applicant to:

(1) complete any hours of instruction at a cosmetology training program as a prerequisite for the issuance of a shampoo apprentice permit; or

> (2) pay a fee for a shampoo apprentice permit.
>
> (e) A facility licensed under this chapter may employ a person who holds a shampoo apprentice permit to perform shampooing or conditioning services and shall pay the person at least the federal minimum wage as provided by Section 6, Fair Labor Standard Act of 1938 (29 U.S.C. Section 206).

*Id.* § 1602.267; *see* Act of May 28, 2003, § 2, 2003 Tex. Gen. Laws at 4679-80. The shampoo apprentice permit allows the shampoo apprentice only to shampoo and condition hair, and not to engage in any other activity within the practice of cosmetology, such as coloring, styling, or cutting hair. *See* TEX. OCC. CODE ANN. § 1602.002 (Vernon 2004).

You suggest that section 1602.267 is inconsistent with section 1602.002, which requires a license to practice cosmetology. You write, "It is in direct conflict to allow an untrained, unlicensed individual to practice any part of cosmetology." Request Letter, *supra* note 1, at 2. Your suggestion that only license holders may practice cosmetology is, initially, incorrect. Specialists, in particular, hold certificates, not licenses. *See* TEX. OCC. CODE ANN. § 1602.258 (Vernon 2004). Moreover, to the extent section 1602.267 permits a person, other than a "licensed" cosmetologist, to shampoo and condition hair for compensation, the section specifically authorizes the permit holder to perform a limited cosmetological practice under section 1602.251. Accordingly, a shampoo apprentice practicing within the terms of the permit acts within the scope of authority that the legislature has expressly granted.

You ask how a regulatory agency "is able to oversee a non-licensed individual." Request Letter, *supra* note 1, at 2. Section 1602.267 expressly requires the Commission to adopt rules for administering the shampoo apprentice permit program, although the Commission may not adopt an education or fee requirement. *See* TEX. OCC. CODE ANN. § 1602.267(d) (Vernon 2004). In addition, the Commission's authority to enforce chapter 1602 and to impose penalties extends to shampoo apprentices. For example, the Commission is authorized to impose an administrative penalty on any "licensed or regulated" person who violates chapter 1602. *Id.* § 1602.501. The Commission may bring an action to enjoin any "person" from violating chapter 1602 or a Commission rule. *Id.* § 1602.552(a). And any "person" who violates chapter 1602 commits a criminal offense. *Id.* § 1602.554(a). Thus, the Commission has ample authority to "oversee" a shampoo apprentice. Request Letter, *supra* note 1, at 2.

You also ask how a beauty shop, licensed under section 1602.302, may employ a shampoo apprentice without violating the statutory requirement that "[a] person holding a beauty shop license . . . may not employ a person as an operator or specialist . . . unless the person holds a license or certificate under this chapter . . . ." TEX. OCC. CODE ANN. § 1602.403(c) (Vernon 2004); *see* Request Letter, *supra* note 1, at 2. Because a shampoo apprentice holds a permit as specifically authorized by section 1602.267, employment of a shampoo apprentice constitutes employment of a person holding a license or certificate under chapter 1602. A licensed beauty shop does not, accordingly, violate chapter 1602 by employing a shampoo apprentice.

You ask two questions about apprentices' training by persons not licensed as instructors, in salons that are not licensed as beauty culture schools. *See* TEX. OCC. CODE ANN. §§ 1602.255, 1602.303 (Vernon 2004); Request Letter, *supra* note 1, at 2. To the extent shampoo apprentices are instructed in the shampooing and conditioning of hair by cosmetologists who are not licensed instructors, in salons that are not licensed beauty culture schools, section 1602.267 permits the instruction. Section 1602.267 creates an exception to the requirement that cosmetology be taught only by a person who "holds an instructor license . . . in a private beauty culture school or a vocational cosmetology program in a public school." TEX. OCC. CODE ANN. § 1602.251(b) (Vernon 2004). Thus, a shampoo apprentice may be trained by a licensed cosmetologist who is not a licensed instructor, in a licensed facility that is not a licensed beauty culture school or program, but only in the shampooing and conditioning of hair.

You suggest that the statute "does not require the necessary fees that are reasonable and necessary to cover the cost of administering this statute." Request Letter, *supra* note 1, at 3. Indeed, the legislature had information before it concerning the costs of the shampoo apprentice permit program. As the 2003 bill's fiscal note states,

> [T]o process applications from [students applying for a permit], as well as investigate an anticipated increase in complaints, the [Commission] estimates 0.5 [full-time employees] will be required, at a cost of $15,000 per year.

> It is assumed the agency would adjust fees to offset any costs or revenue gains due to the implementation of the bill.

FISCAL NOTE, Tex. H.B. 653, 78th Leg., R.S. (2003).

While it may be true that section 1602.267 does not establish a fee that will cover the costs of administering the shampoo apprentice permit program, the statute expressly forbids the Commission to require an applicant to pay a fee for the permit. *See* TEX. OCC. CODE ANN. § 1602.267(d)(2) (Vernon 2004). The legislature, not this office, is the proper entity to consider the fee issue you raise.

Finally, you ask how section 1602.267 "justif[ies] the already licensed shampoo course given by licensed schools with licensed teachers and who are required to take a state approved exam and follow all statutes applying to cosmetology in Texas." Request Letter, *supra* note 1, at 3. You refer here to the specialty certificate, the holder of which may perform only specific hair- or skin-related practices. *See* TEX. OCC. CODE ANN. § 1602.258(a) (Vernon 2004). An applicant is not eligible for such a specialty certificate unless the applicant has completed the requisite "training through a [C]ommission-approved training program." *Id.* § 1602.258(b)(3). Commission rules require an applicant for a shampoo and conditioning specialty license to complete 150 hours of training, including courses in hygiene; shampooing and conditioning skills; and ethics. *See* 22 TEX. ADMIN. CODE § 89.72(8) (2003) (Texas Cosmetology Commission, Curriculum Posted).

Your question is one of policy that is not appropriate for this office. We accordingly decline to consider it.

## S U M M A R Y

A person practicing within the terms of a shampoo apprentice permit issued under section 1602.267 of the Occupations Code is authorized to perform a limited cosmetological practice under chapter 1602. The Cosmetology Commission must adopt rules to administer the shampoo apprentice permit program and may enforce chapter 1602 against a shampoo apprentice as it may against any other licensed or certificated cosmetologist. A licensed beauty shop does not violate chapter 1602 by employing a shampoo apprentice.

Section 1602.267 creates an exception to the requirement that cosmetology be taught only by a licensed instructor in a licensed beauty culture school or program. Thus, a shampoo apprentice may be trained by a licensed cosmetologist who is not licensed as an instructor, in a licensed facility that is not a licensed beauty culture school or program, but only in the shampooing and conditioning of hair.

The Commission may not require an applicant for a shampoo apprentice permit to pay a fee for the permit.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee